CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 06 2006

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

LINDA G. CAGLE, )
 ) Civil Action No. 7:05CV00504
   Plaintiff, )
 )
v. ) **MEMORANDUM OPINION**
 )
JO ANNE B. BARNHART, )
Commissioner of Social Security, ) By: Honorable Glen E. Conrad
 ) United States District Judge
   Defendant. )

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" as to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Linda G. Cagle, was born on August 17, 1957 and eventually reached the ninth grade in school. Mrs. Cagle has worked as a cashier, sewing machine operator, and tagger in the textile industry. She last worked on a regular basis in 2003. On May 12, 2003, plaintiff filed an application for a period of disability and disability insurance benefits. Mrs. Cagle alleged that she became disabled for all forms of substantial gainful employment on February 25, 2003 due to nerves, anxiety, and panic attacks. Plaintiff now maintains that she has remained disabled to the present time. The record reveals that Mrs. Cagle met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See, generally, 42 U.S.C. §§ 414 and 423.

Mrs. Cagle's claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated January 18, 2005, the Law Judge also ruled that plaintiff is not disabled. The Law Judge found that Mrs. Cagle suffers from a bipolar disorder with anxiety and a small central disc disorder at L5/S1. Despite these problems, the Law Judge held that plaintiff retains sufficient functional capacity to return to her past relevant work roles as a sewing machine operator and tagger. Accordingly, the Law Judge ultimately concluded that Mrs. Cagle is not disabled, and that she is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(f).

Mrs. Cagle sought review of the Administrative Law Judge's opinion by the Social Security Administration's Appeals Council. In connection with her appeal, plaintiff presented additional medical evidence. However, the Appeals Council eventually adopted the Law Judge's opinion as the final decision of the Commissioner. Having exhausted all available administrative remedies, plaintiff has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

2

After a review of the record in this case, the court must conclude that plaintiff has established "good cause" for remand of her case to the Commissioner for further development and consideration. Mrs. Cagle has suffered from bouts of acute anxiety and depression for several years. While she also experiences certain physical problems, including disc degeneration in the lower back, several of plaintiff's physical difficulties, such as migraine headaches, stomach distress, and tachycardia, appear to be associated with her emotional dysfunction. Mrs. Cagle began treatment with Dr. Adrian M. Griffin, a psychiatrist, in April 2003. Dr. Griffin initially diagnosed panic disorder, but he later diagnosed anxiety, depression, and bipolar disorder. On April 24, 2003, Dr. Griffin opined that plaintiff "does meet the criteria for disability." (TR 186).

At some point in 2004, Dr. Griffin, who practices in North Carolina, referred plaintiff to another psychiatrist, because he was no longer accepting patients in Virginia. Dr. Bobby Miglani first saw plaintiff on October 6, 2004. On that day, Dr. Miglani's clinical findings were not overly remarkable. The psychiatrist diagnosed anxiety disorder and depressive disorder. Dr. Miglani's psychiatric report was the last medical exhibit received by the Administrative Law Judge prior to issuance of his decision.

The administrative hearing in this case was conducted on November 12, 2004. One week later, Mrs. Cagle was admitted to a psychiatric hospital following a period of severe depression and cocaine use. On January 5, 2005, Dr. Miglani diagnosed recurrent major depression. While he believed that Mrs. Cagle presented some risk of suicide, he considered the degree of risk to be diminishing.

As previously noted, the Administrative Law Judge rendered his decision on January 18, 2005. The Law Judge did not have the benefit of the reports from plaintiff's psychiatric hospitalization, or the treatment that followed. Mrs. Cagle was seen by her family physician on January 18, 2005, and was said to be experiencing increased anxiety and depression. Subsequent treatment notes from the

3

psychiatrist and the family physician indicate that plaintiff's overall condition remained essentially unchanged.

It seems that shortly after receiving the Administrative Law Judge's decision, plaintiff's attorney became aware of her psychiatric hospitalization and follow-up treatment. Beginning on January 25, 2005, the attorney began sending the follow-up reports to the Social Security Administration's Appeals Council as they were received. In its letter adopting the Law Judge's opinion as the final decision of the Commissioner, the Appeals Council addressed plaintiff's new medical evidence as follows:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council
>
> We found that this information does not provide a basis for changing the administrative Law Judge's decision. (TR 6).

This court has consistently held that if the Appeals Council ostensibly considers the new, "interim" evidence in denying review of a claim, it is incumbent on the Appeals Council to give some reasons for finding that the "interim" evidence does not justify further administrative action. See Alexander v. Apfel, 14 F.Supp. 2d 839, 843 (W.D. Va. 1998). In Stawls v. Califano, 596 F.2d 1209 (4th Cir. 1979), a case with a slightly different procedural background than the instant case,[1] the United States Court of Appeals for the Fourth Circuit ruled as follows:

> The Secretary stated that he considered all of the evidence in the record, including the post-June 30, 1962 evidence. Even assuming that schizophrenia is progressive in nature, proof that appellant was disabled due to schizophrenia after June 30, 1962 is probative of the fact that she may have been disabled due to schizophrenia before June 30, 1962, although it is not conclusive. But neither the opinion of the administrative law judge nor that of the Appeals Council indicates the weight afforded the post-June 30, 1962

---

[1] In Stawls, the claimant tendered to the Appeals Council letters from several psychiatrists who had previously submitted reports in the case. The letters dealt with the onset of plaintiff's psychiatric disability. Unlike the present case, the Appeals Council in Stawls granted the request for review. The Appeals Council stated "after considering this additional evidence, the Council is of the opinion that it does not show that you were under a 'disability' which began on or before the date you were last insured and which existed continuously to a time within the effective life of your application." 596 F.2d at 1212.

4

evidence. As we have stated on more than one occasion, <u>the Secretary must indicate explicitly that all relevant evidence has been weighed and its weight</u>. (Emphasis added). (Citations omitted).

596 F.2d at 1213. As noted by the Fourth Circuit in <u>DeLoatche v. Heckler</u>, 715 F.2d 148, 150 (4th Cir. 1983), "[j]udicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator."

The court notes that the Commissioner often cites <u>Wilkins v. Secretary</u>, 953 F.2d 93 (4th Cir. 1991) in support of the proposition that the Appeals Council is not required to give reasons for denying a claimant's request for review. The court does not believe that the decision in <u>Wilkins</u> supports the Commissioner's position. In <u>Wilkins</u>, the Fourth Circuit held that the Commissioner must consider "interim" evidence presented to the Appeals Council, if that evidence relates to the issue of disability during the period of time adjudicated by the Law Judge. In <u>Wilkins</u>, the Appeals Council had considered the "interim" evidence, but denied further review without setting forth specific findings as to the weight accorded the new evidence. Upon its own consideration of the "interim" evidence, the Fourth Circuit found that the record clearly supported Wilkins' application for benefits. Accordingly, the Fourth Circuit reversed the Commissioner without requiring additional administrative proceedings.[2] The court does not believe that the decision in <u>Wilkins</u> speaks to the situation in which the "interim" evidence merely serves to create a conflict with other evidence already of record. In that circumstance, the court believes that it is still necessary for the Commissioner to indicate her reasons in support of the

---

[2] This court has adopted the same approach in numerous social security appeals when it is clear upon review of "interim" evidence that the Commissioner's underlying decision is, or is not, supported by substantial evidence. However, the undersigned is of the opinion that this sort of analysis is not appropriate when the "interim" evidence is not conclusive and merely serves to create further conflict in the administrative record.

5

resolution of the factual conflicts, so that the court may undertake a meaningful substantial evidence review.[3]

In the instant case, the court believes that the "interim" evidence is highly significant. The psychiatrist who had seen plaintiff for almost two years considered her to "meet the criteria for disability." Nevertheless, the Law Judge relied on the essentially unremarkable mental status findings produced by Dr. Miglani at the time of his initial clinical examination. Yet, it seems that only days after the administrative hearing and just a few weeks before the Administrative Law Judge produced his opinion, Mrs. Cagle was hospitalized, based on a combination of depressive symptomatology and cocaine abuse. Following that hospitalization, plaintiff's new psychiatrist, Dr. Miglani, and her treating physician found Mrs. Cagle to be substantially impaired as a result of her emotional dysfunction. Simply stated, the court believes that the evidence submitted to the Appeals Council strongly indicates that plaintiff's psychiatric condition was much more severe during late 2004 than was found by the Administrative Law Judge. Given these circumstances, the court believes that the Appeals Council should have offered some reason for adopting the Law Judge's opinion, despite the intervening hospitalization.

The court agrees that the Appeals Council may have interpreted the new evidence so as to indicate that plaintiff's more recent symptoms were associated with substance abuse. In all fairness to the Commissioner, while the Administrative Law Judge did not elaborate on the point, the medical record gives some indication that Mrs. Cagle had demonstrated secondary motivation in her efforts to secure medication for her emotional and physical problems. On the other hand, it is undisputed that Mrs. Cagle was hospitalized, apparently suffering from suicidal ideation, and that her depression and

---

[3] The practical effect of the <u>Wilkins</u> decision is that "interim" evidence is to be considered as part of the record for review and not as extraneous, "new" evidence.

6

anxiety were later found to be more severe by Dr. Miglani, the psychiatrist who produced the findings cited by the Law Judge in denying plaintiff's claim. Simply stated, it does not now appear that the plaintiff's psychiatric condition was stable, or that she was making substantial progress with medication, at the time the Law Judge denied the claim. In light of the particular features in Mrs. Cagle's case, it does not seem unreasonable to expect the Appeals Council to share its reasons for its treatment of the new evidence, and for its ruling that the evidence does not necessitate any change in the Law Judge's opinion. The court finds "good cause" for remand of this case for such a purpose.

For the reasons stated, the court finds that plaintiff has established "good cause" for remand of her case to the Commissioner for further development and consideration. See 42 U.S.C. § 405(g). Should the Commissioner be unable to decide this case in plaintiff's favor based on the existing record, the Commissioner shall conduct a new administrative hearing at which both sides will be allowed to present additional evidence and argument.

The clerk is directed to send certified copies of this memorandum opinion to all counsel of record.

ENTER: This \_6th\_ day of March, 2006.

*[signature]*
United States District Judge